Burchard vs. Boyce.

---

No. 2.—JOSEPH F. BURCHARD, plaintiff in error, *vs.* SAMUEL J. BOYCE, defendant in error.

[1.] An injunction may be ordered at chambers, out of the county of defendant's residence.

[2.] That counsel was not prepared to try a cause to be heard on a motion, in consequence of other pressing business engagements, no ground for a postponement of the case.

[3.] No error for the Chancellor to grant an injunction instantly, if in his judgment the justice of the case and the evidence before him require it.

[4.] Bill is not multifarious, because it involves the investigation of the concerns of two mercantile firms, if it be necessary to a just final decree, that an account of both should be had.

[5.] When the interest of a deceased partner is involved in the case, his personal representatives should be made parties; but the bill may be amended for that purpose.

[6.] When a strong case is made before the Chancellor, shewing an urgent necessity for speedy interposition on the behalf of complainant, by way of injunction, his discretion in granting instanter, will not be controlled by this Court.

In Equity in Richmond Superior Court. Decision by Judge Holt, at chambers, September, 1856.

This bill was filed by Samuel J. Boyce, against Joseph F. Burchard, and alledged that on the 1st of January, 1855, the parties, with one Edward B. Ward, entered into a partnership in the retail dry goods business in the city of Augusta, under the name of Ward, Burchard & Co. That prior to this time, said Ward and Burchard had been engaged in the same business, and being possessed of little or no capital, and knowing that complainant had funds seeking investment, and with a view to bolster up their house, then on the verge of insolvency, they applied to him to embark with them in business. Articles of agreement were entered into, setting forth the terms of the partnership and the duties of each partner: Complainant complied with all the obligations imposed on him by said articles, advanced the sum of $20,000, as stipulated, and was a dormant partner; the active duties devolving upon Ward and Burchard. The bill charges various acts of mismanagement of the business; misapplication of the funds, and want of capacity and integrity on the part of said Burchard. That about the 20th of February, 1856, Ward died, and by the artful, fraudulent and false representation of Burchard, complainant was persuaded and induced to continue the business with him, and a new partnership for that purpose was formed, under the name of J. F. Burchard & Co. That all the terms of said new partnership were promptly complied with by complainant, who again advanced the sum of $10,000—that he was a dormant partner, not residing in the city of Augusta, and taking no active part in the business, but the same was under the exclusive management and control of defendant. That in addition to the capital last advanced, he loaned various large sums to the firm soon after the new partnership, with the view of enabling the house to pay debts which Burchard represented as pressing.

There are various specific charges and allegations in the bill, showing want of skill, capacity and integrity on the part of defendant, and that complainant apprehended that the funds and assets of the firm would be misapplied and wasted by him.

The bill prayed that defendant be enjoined from contracting or collecting debts, from selling the goods or disposing of the assets, and from doing any other matter or thing connected with the business; it prayed also for a dissolution, and an account of the two firms of Ward, Burchard & Co., and J. F. Burchard & Co., and for the appointment of a receiver.

The bill was filed in the office of the Clerk of the Superior Court of Richmond county, on the 29th August, 1856; and on the 30th August, a copy was served on defendant, together with a notice, that on the 2d day of September, application would be made to Judge Holt, for the appointment of a receiver and for an injunction.

On the day mentioned in said notice, the parties by their counsel, appearing before Judge Holt, at Appling in the county of Columbia, counsel, for defendant moved for a postponement to afford him an opportunity and further time to resist the motion for receiver and injunction, which motion for continuance was over-ruled, whereupon counsel for defendant excepted. The Judge then proceeded to hear the application for the appointment of a receiver and injunction, and after argument had, ordered the injunction to issue, but postponed the appointment of a receiver to allow defendant an opportunity to show why it should not be made. Whereupon counsel for defendant excepted and assigns for error :

1st. That said order was granted out of the county of defendant's residence.

2d. Because the bill is demurrable in that it is multifarious, and inasmuch as it is an imperfect bill—one which, as it stands, would be dismissed at the proper time for entertaining a demurrer, therefore the Court should make no order thereon.

3d. Because the bill does not present a case which authorizes such a proceeding, in that it does not show that defendant has done any thing to exclude the complainant from a joint and equal participation in the management of said co-partnership, and therefore such an order should not be granted.

4th. Because the bill does not make a case in which a Court of Equity can properly grant such an order at this time, and under the circumstances in which this motion is made, or under any other set of circumstances.

GOULD & STARNES, for plaintiff in error.

MILLERS & JACKSON, for defendant in error.

*By the Court.*—McDONALD J. delivering the opinion.

This case comes before this Court on exceptions to the decision of the Circuit Judge, refusing to grant a continuance of the motion for an injunction and the appointment of a receiver; and to his order directing an injunction to issue.

The bill was filed on the 29th day of August, 1856. On the 30th day of the same month, a notice was served on the defendant, that a motion would be made in said cause, before the Judge of the middle Circuit, for the appointment of a receiver and for an injunction. One of the counsel employed by the defendant to respond to the motion, appeared before the presiding Judge at the appointed time, and moved a postponement of its consideration for a reasonable time and to a convenient day:

1st. Because the defendant cannot be called out of his county to answer and to meet a motion for this interlocutory order.

2d. Because neither the defendant nor his counsel have had time and opportunity for preparing and availing themselves of their rights in this behalf.

3d. Because the case, as it appears by the bill itself, is not a case of such emergency as to demand action on the part of

the Court so hasty and so injurious to the character of the defendant.

On this application, the Court postponed the motion so far as the appointment of receiver was concerned, but granted the injunction. The refusal of this motion to continue, is made the first ground of error.

[1.] As we remarked in the case of *Semmes vs. Mayor and Council of Columbus*, 19*th Geo. R.* 484, "the Chancellor may order an injunction instantly, on the *exparte* shewing of the complainant; and the exigency of the case frequently requires that he should do it." There is nothing in the Constitution or laws that requires the application to be made in the county of the defendant's residence. It may be made at chambers, at any place which suits the Chancellor's convenience. But the notice served in this case does not call the party out of his county. The defendant was simply notified of. *the time*, and not *the place*, that the motion would be submitted to the Chancellor. The injunction was ordered at chambers. The Constitution prescribes the place at which civil causes shall be tried, ánd although equity cases are not embraced by the provisions of the Constitution, Courts of Equity have, in this respect, conformed to the requirements, but they never have held, and very properly too, that all motions growing out of an equity cause, or connected with it, must be heard in the county of the defendant's residence. The defendant, on notice of an application for an injunction, is not called to answer out of his county. He may appear or not at his option, and he may show cause against granting the injunction, in any manner allowable by the chancery practice, and one mode of showing cause, is by answer to the bill, denying the facts on which the Chancellor awards the injunction. His answer is to be filed in the county where the cause is to be heard.

[2.] In sustaining their second ground in the motion of defendant's counsel for continuance, they showed for cause their prior indispensable business engagements. The Court did

Burchard vs. Boyce.

not feel warranted in acknowledging a principle which might place a party so much in the power of his adversary. In the complainant's view of his case, if statements in his bill, sworn to by him, are an index to his opinion, it admitted of no delay. Parties and their counsel are bound to diligence in preparing to meet their cases, and the greater the emergency in which the opposite party is placed, the greater must be the diligence. The want of it is never excused by the multitude of pressing calls on other business.

[3.] We say, in regard to the third ground, that we see nothing in the allegations of the bill, sworn to as they were, to warrant us in imputing to the Circuit Judge too much haste in ordering the injunction to issue. The bill makes a strong case, and one which, if true, shows that speedy action by the Court was necessary to protect the complainant from probable injury. Great injury to the complainant might have been the consequence of delay, while the damage to the defendant, if any, must have been but little, for under our laws and practice, the defendant was entitled, by answering, to move a dissolution of the injunction.

After the motion for a continuance was disposed of, the counsel for the defendant resisted the granting of the injunction on several grounds.

Enough has been said on the first ground, "that it cannot be granted out of the defendant's county," to show that it cannot be supported.

[4.] The next ground, that the bill is multifarious and imperfect, was properly overruled by the Court.

The object of the bill was to dissolve the partnership; have an account from the defendant of their entire partnership concerns; and enjoin him from a further interference, to complainant's injury, with the partnership affairs. The complainant was connected with the defendant in two partnerships. Of the first partnership, Edward B. Ward was a member. He died, and complainant and defendant, being survivors, formed a new partnership, and carried on the business

under a new firm.   The defendant was the active partner of the second firm.   The effects of the first firm went into the second, but subject to the payment of the debts.   The clear surplus was the fund to which the survivors and the representative of the deceased partner were entitled, and the inter-est of the survivors therein was all they had a right to claim, as capital arising from that quarter in the new firm.   This they had a right to claim.   An investigation of the affairs of the first firm is therefore indispensable, in taking an account of the last, and adjusting the rights of the partners.   If the prayer of the bill had been confined to the latter object, an account of the whole must have been had.   There could have been no just decree without it.   The prayer cannot al-ter the nature of the bill in this respect.   If the case made by the stating and charging parts of the bill is not multifa-rious, the prayer of the bill will not make one.   Discard the special prayers, and there is a prayer for general relief. *Worthen vs. Brantley & Daniel,* 5th Geo. R. 571, would seem to me to be decisive of this case.

[5.] The representatives of the deceased partner ought to be a party and the bill may be amended for that purpose.

In regard to the other grounds, we will remark, that in considering them we are governed by the statements in the bill.   It makes a strong case against the defendant, of want of good faith in the representations which induced the· com-plainant to enter into business with him ; of breach of duty ; of want of skillful management of the affairs of the partner-ship ; of improper deportment towards customers, &c.  It prays for a dissolution of the partnership.   We are not pre-pared to say that the Chancellor exercised his power and dis-cretion unwarrantably and illegally in ordering the injunc-tion and therefore affirm all the judgments complained of in the record.