## WELLS *v.* THE STATE.

*Lumpkin, J.*—1. Exceptions alleging error in overruling a motion to rule out evidence which had been admitted without objection, will not be considered by this court unless it appears that some ground or reason for excluding such evidence was stated

v 97-14

to and passed upon by the trial judge at the time the motion to rule out was made.

2. It does not affirmatively appear that the court erred in rejecting a letter offered in evidence (apparently admissible upon proper proof of its execution), addressed to the accused and purporting to have been signed by a witness for the State, to whom the letter was exhibited while on the stand, and who testified positively that he did not sign it, but was unable to state whether he had caused it to be written and sent to the accused or not; there being no other proof as to the execution of the letter, and it being strongly inferable from all the facts in evidence that this witness was illiterate and that the contents of the letter were not made known to him. Nor was there any error in refusing to allow the accused to read this letter as a part of his statement to the jury.

3. The charge of the court, as a whole, was a clear and admirable presentation of the law applicable to the issues involved, and it fully covered all the requests to charge, in so far as they were legal and pertinent.

4. The *corpus delicti* was not clearly and satisfactorily proved; and though the evidence relied upon by the State to connect the accused with the alleged offense, it being entirely circumstantial, was consistent with the guilt of the accused, it was not inconsistent with every other reasonable hypothesis; nor was it, as a whole, sufficiently strong and conclusive to show his guilt beyond a reasonable doubt. A new trial should have been granted on the merits.          *Judgment reversed.*

July 29, 1895.

Indictment for arson. Before Judge Williamson. Monroe superior court. February term, 1895.

Wells, a negro preacher, was convicted of burning a church which he had served as pastor. It was seen burning between twelve and one o'clock on the morning of the first Sunday in July. He had been discharged as pastor about a month before; and several witnesses testified that he made statements, before the fire, to the effect that he had been unjustly treated, and that the people of the church would not prosper but would suffer. He lived several miles away from the church, and was possessed of a mule which, according to some testimony, had a notch in one of its hoofs. Other witnesses denied this. Mule tracks leading from the church on the road seemed to be

notched; and some witnesses claimed to have followed the tracks to or near Wells' house.   Several testified that they met Wells on the road leading from his house to the church, on the night of the fire, riding a mule and carrying a bucket on his arm.   One spoke to him by name, and he did not answer.   The mule appeared to be jaded on the morning after the fire.   Wells was riding rapidly during the night.   He introduced testimony tending strongly to prove an *alibi*, and to impeach some of the State's witnesses. There was conflict in the evidence on several points.   One of the grounds of the motion for a new trial assigned error on the exclusion from evidence of a letter, and upon the refusal to allow defendant to read it as part of his statement.   It appeared to be dated about two months before the fire, and to be signed, "Peter Porch, deacon of Wright's Grove Church," which was the church burned. It stated, in effect, that the sender was angry with Wells; and warned him not to "come down  here any more to preach, for you is in my way, and I am going to get you out of my way," etc.   Porch was a witness for the State, and on cross-examination testified that he did not write a letter to Wells at the time, though he did have several letters written to him, and would not state that he did not have this letter written and sent to him, but did not think he had anything to do with this letter.

*Stone & Clark* and *Persons & Persons*, for plaintiff in error.   *O. H. B. Bloodworth, solicitor-general*, by *Harrison & Peeples*, contra.