## NERO *v.* THE STATE.

1. The defendant's statement to the jury should be restricted to a narrative account of the matter under investigation, and it is not error for the court to refuse to instruct a defendant that he may continue the reading of a letter to the jury, after he has begun to read it but has been interrupted by the solicitor's objection thereto.
2. It is not ground for a new trial that another has, since the trial, been indicted for the same offense of which the defendant was convicted.
3. The evidence supported the verdict.

Submitted October 15,—Decided November 7, 1906.

Indictment for burglary. Before Judge Felton. Bibb superior court. July 3, 1906.

*F. R. Martin,* for plaintiff in error.

*William Brunson, solicitor-general,* contra.

EVANS, J.　The defendant was convicted of burglary.　The only assignment of error in his motion for a new trial which we deem of sufficient importance to specially notice is that relating to the right of the defendant to read to the jury as a part of his statement a letter which he stated had been received by him.　Under our sys-- tem of criminal procedure, the defendant is given the right to make a statement.　This privilege is accorded the defendant so that he may acquaint the jury with his version of the matter under investigation, and may make reply to the charge against him by way of denial, explanation, or avoidance.　In availing himself of this privilege, the accused is not hampered by strict rules of evidence (*Vaughn* v. *State,* 88 *Ga.* 735), but at the same time he may not indulge in a long, rambling, and irrelevant harangue.　*Loyd* v. *State,* 45 *Ga.* 58; *Coxwell* v. *State,* 66 *Ga.* 310.　The prisoner must have some regard to relevancy and the rules of evidence, for it was never intended that in giving his narrative of matters pertaining to his defense he should attempt to get before the jury wholly immaterial facts or attempt to bolster up his unsworn statement by making profert of documents, letters, or the like, which if relevant might be introduced in evidence on proof of their genuineness. Without such proof he can not place them before the jury as corroborating evidence of what he says; it would be extending his privilege far enough to accord him the right of making a statement to the effect that he had received a document or letter of a certain purport, without permitting him to produce the same and read it for the purpose of convincing the jury of its existence or genuineness.　If he desires to corroborate his statement by documentary evidence, the writing itself should be offered in evidence in the usual and regular way; and if the writing be immaterial or for any other reason inadmissible, then for a greater reason should the defendent be denied the privilege of making profert of it and reading it to the jury as a part of his statement.　In *Montross* v. *State,* 72 *Ga.* 262, the prisoner was restrained from reading to the jury extracts from a newspaper; and in *Wells* v. *State,* 97 *Ga.* 210, this court distinctly ruled that it was not error to refuse to allow the · accused to read a letter as a part of his unsworn statement.

The evidence supported the verdict, and there was no error in refusing a new trial on the ground stated in the second headnote.

*Judgment affirmed.　All the Justices concur.*