## 745.  WOODALL *v.* THE STATE.

1. The right of a defendant in a criminal trial to make to the court and jury such statement as he may deem proper in his defense is not to be governed or restricted by the rules controlling the admissibility of evidence. The statement of the defendant can properly include a statement of the reasons which influenced his actions in the transaction under consideration, even though his actions were dependent upon or caused by the acts of others, which he may also properly relate. It is error to interrupt a defendant in making his statement, merely because, under the rules of evidence, the statement made by him would be technically objectionable, if the facts stated by him are in fact connected with those facts upon which he bases his defense.

2. A minister of the gospel is not guilty of disturbing divine worship because, by his preaching upon an occasion when he bona fide claims the right to do so, another is prevented from occupying the same pulpit. The statute of this State against disturbing divine worship was not designed as a means of determining the respective rights of contesting claimants to a benefice.

Indictment for disturbing worship, from city court of Americus —Judge Crisp.  August 12, 1907.

Argued October 9, 1907.—Decided September 30, 1908.

*Blalock & Cobb,* for plaintiff in error.

*F. A. Hooper, solicitor-general, Zach. Childers, solicitor,* contra.

RUSSELL, J.  We hold the judgment of the lower court, refusing the defendant a new trial, to be erroneous, upon two of the exceptions made in the record.

1.  The defendant was proceeding to make his statement to the jury when he was interrupted, as we think, improperly by the trial judge.  As appears from the record, the defendant had stated to the jury as follows: "I was up to Mount Mary church last third Saturday and Sunday in April.  On Saturday afternoon they held a conference and made resolutions that brother Redding could not preach there the third Sunday, as he was there Saturday and did not come into church at all.  I was elected pastor of Mount Mary church, and as delegate to Mount Pilgrim association.  I went up to Macon, Ga., as a delegate from Mount Mary church, as the minutes will show, to Mount Pilgrim Primitive Baptist association, held at Dennis church, near Macon, Ga., on October 4th and 6th, 1906," when the court stopped him and said, "You must confine your statement to Sunday, or go down;" and thereafter the defendant, in obedience to the court, was required to confine his

statement to what occurred on the Sunday on which the offense was said to have been committed. We think this interruption of the defendant's statement was an abridgement of his legal right to make such statement as *he* deemed proper in his own defense, and, as such, demands the grant of a new trial. We have heretofore, in *Richardson* v. *State, 3 Ga. App.* 313 (59 S. E. 916), expressed our view upon the right of the defendant in a criminal trial to make, without necessary embarrassment, a statement which is not governed by the rules which control the admissibility of evidence. Upon this subject the court was not divided in opinion. In the present case we think that the defendant had the right to state, as he was doing at the time he was interrupted, the prior transactions, which were reasons influencing his actions on the Sabbath in question, and any facts from which the jury might have inferred that he in fact violated no law in preventing Redding from preaching by taking charge of the services and preaching himself, or at least might properly have concluded that he did not intend to disturb divine worship. He had the right to state to the jury the authority by which he assumed to preach, and that Redding had been unfrocked, if such was the case.

The facts in the present case are not similar to those in *Montross* v. *State, 72 Ga.* 262 (53 Am. R. 840), *Wells* v. *State, 97 Ga.* 210 (22 S. E. 958), or *Nero* v. *State, 126 Ga.* 554 (55 S. E. 404). In the *Montross* case the defendant was properly prevented from reading to the jury, as a part of his statement, outrageously vulgar extracts from other publications, as a justification of his own violation of law. In the *Wells* case there was an attempt to read a letter as part of the statement; and the same thing was true in *Nero's* case, in which the "attempt to bolster up his unsworn statement by making profert of documents, letters, or the like" is condemned; but in the present case the minutes kept by each faction of this church had been introduced, and hence the defendant here was not making the minutes a part of his statement without introducing them, and thus unfairly depriving the State of the opening and concluding argument. The criticism on this practice is expressed by Judge Evans in *Nero's* case, as follows: "Without such proof he can not place them before the jury as corroborating evidence of what he says; it would be extending his privilege far enough to accord him the right of making a statement to the

effect that he had received a document or letter of a certain purport, without permitting him to produce the same and read it for the purpose of convincing the jury of its existence or genuineness." It appears from the record in this case that the court had previously permitted a set of minutes to be introduced in testimony, showing that Redding had been turned out of the church and this defendant selected to preach in his stead, as well as another set, showing that Redding was pastor. It was for the jury to say which was the truth. With this evidence in, the defendant certainly had the right to state that he was acting upon the faith of his connection with, and of his authority in, the congregation, and the fact that he had gone as a delegate from Mount Mary church was not an uncorroborated circumstance, otherwise inadmissible, made merely to bolster up his statement. The minutes were in evidence. Certainly the defendant had the right to call the attention of the jury to what those minutes showed, as well as to state that it was upon the faith of the facts evidenced by the minutes that he acted. In each of the cases to which we have been referred, and which are stated above, the defendant was attempting to prove by his statement facts not in evidence, which could be better supported by proper evidence. In the present case the evidence had been introduced. The defendant was merely referring to and explaining his connection with this evidence, as we think he had a right to do.

2. Regardless of the error in interrupting the defendant in his statement, we think the verdict of guilty was without evidence to support it, and, therefore, contrary to law. It is manifest from the record that there was conflict between two rival factions in a negro church, as to which was entitled to carry on religious services at Mount Mary church. It is undisputed that the plaintiff in error was a preacher, and all that he did or said on the occasion which is the subject-matter of the indictment was directed to carry out the sole object of preaching himself instead of letting the rival pastor preach, at the time and place set out in the presentment, and to the congregation assembled. It is undisputed that he wanted to carry on divine worship, and not to prevent it, and that, as a matter of fact, divine worship was carried on. It is true, his ministry might have prevented some one else from ministering at the same time to the spiritual needs of the flock, but as

the evidence fails to show that the defendant did anything more than prevent his contesting brother from preaching, by preaching himself, we can not hold that this comes within any of the allegations of the presentment, even if it is in any event a crime.

The statute which forbids the disturbance of a congregation of persons, lawfully assembled for divine worship, is intended to protect citizens in the right of worshiping the Deity in their own way, without the slightest molestation or hindrance. It is directed against any one who in any way does anything which will prevent religious services. But the statute was never designed to be used as a means of settling, by a criminal prosecution, the respective rights of contestants for the privilege of carrying on divine worship at a particular time or in a particular house of worship. That complete separation of church and State which is absolutely essential, no less to our political than to our religious liberty, forbids the State to recognize either of two contesting factions as the lawful congregation, which has been lawfully assembled at a particular church for divine worship (where the purpose of each is to carry on divine worship), except under the ordinary rules of evidence which shall disclose which organization or faction is legally entitled to the possession of the premises. In the absence of such evidence, and where it is plain, as in the present case, that the only purpose of the accused was to conduct divine worship himself, in a proper, decent, and orderly manner, it can well be said that he has the same right to protection against disturbance on the part of others (who would perhaps prefer to hear a different pastor) as they would be entitled to receive against his preaching. It is beyond the power of the courts to settle by criminal prosecutions the respective rights of contesting claimants to a benefice, even in a negro church. *Judgment reversed.*