## 29642. BRADFORD *v*. THE STATE.

DECIDED JUNE 17, 1942.

*M. Price,* for plaintiff in error.

*R. L. Dawson, solicitor-general,* contra.

GARDNER, J. The defendant was convicted of assault with intent to murder. His motion for new trial was overruled and he excepted.

We think the assignment of error on the one special ground is controlling: "1. Because the court erred in restricting, curtailing, or abridging the statement of the defendant made to the court and the jury in his defense by refusing to allow the defendant to

tell the court and jury of a conversation had with the sheriff after he had returned from the scene of the shooting, the portion of the statement of the defendant excluded by the court being as follows: 'The sheriff will tell you that I come and give up to him and told him how it happened, and he said "I believe you have told the truth because I just been out there and picked up his gun." ' The court having excluded said portion of said statement upon the objection of the solicitor-general upon the ground that same related to a conversation with the sheriff, which the State claimed to be inadmissible. Movant shows that the defendant should have been allowed to make said statement in his defense, particularly in view of the fact that the sheriff referred to was then in court and could have been used by the State to refute any untrue statement by the defendant, if any, and further, because the State's evidence showed that the sheriff was called out to the scene of the shooting immediately after the same, and the conversation proffered by the defendant was alleged to have occurred immediately upon his return from said scene. Movant contends that the ruling of the court denied the defendant a highly material right, and said ruling was harmful to the rights of the defendant in that it deprived him of the right to put before the jury a material statement in his defense. Movant further contends that the said ruling of the court illegally deprived the defendant of the right to make to the court and jury in his defense just such statement as [the defendant] may deem proper, as allowed by the law of the State. Movant contends that said ruling was and is contrary to law, and the defendant assigns error thereon upon the aforesaid ground."

As between the State's evidence and the defendant's statement the record reveals a sharp conflict as to where the prosecutor was standing at the time he was shot, and as to whether or not he had his gun in his hand in a shooting position, and as to where his gun was found after he was shot by the defendant. The sheriff did not testify.

The only question to be determined by this court is whether the interruption of the defendant in making his statement and the exclusion of that portion above set out was reversible error. The early leading authority on this question is recognized to be that of *Coxwell* v. *State*, 66 *Ga.* 309 (5). We quote the headnote and call attention to the reasoning of the court therein: "While the

464

court may so far restrain the prisoner's statement as to prevent his occupying the time of the court and jury with long, rambling and irrelevant matter, yet as to all matters connected with the case the prisoner may make such statement as he may think proper, and he should not be restricted to stating such facts as would be admissible in evidence." It was held by this court in *Richardson* v. *State*, 3 *Ga. App.* 313 (2) (59 S. E. 916) : "The privilege accorded a defendant in a criminal trial in this State, of making a statement to the jury, is an anomaly. The contents of the statement are not to be restricted or governed by the rules controlling the admissibility of evidence. 'In all criminal trials the prisoner shall have the right to make to the court and jury such statement in the case as *he may deem proper* in his defense.' Penal Code, § 1010. Though the court may prevent repetition of the same statements or debar the statement of circumstances wholly disconnected in *fact* with the facts upon which the defendant bases his defense, the statement of the defendant is not to be curtailed either by rulings or interruptions merely because the facts stated by the defendant and which constitute a part of his narrative of his connection with the case may, under the rules of evidence, be irrelevant and do not present *in law* a valid defense." In rendering the opinion in the *Richardson* case Judge Russell went fully into this question, and cited the *Coxwell* case, supra. This court again, in *Woodall* v. *State*, 4 *Ga. App.* 783 (62 S. E. 485), held: "The right of a defendant in a criminal trial to make to the court and jury such statement as he may deem proper in his defense is not to be governed or restricted by the rules controlling the admissibility of evidence. . . It is error to interrupt a defendant in making his statement, merely because, under the rules of evidence, the statement made by him would be technically objectionable, if the facts stated by him are in fact connected with those facts upon which he bases his defense." It was held in *King* v. *State*, 9 *Ga. App.* 609 (71 S. E. 943) : "In the exercise of his statutory right, the accused is authorized to make any statement to the jury in his defense that he may deem necessary, and, so long as he confines himself to the transaction under investigation, this right can not be restricted by the trial judge. This does not mean, however, that the accused can occupy the time of the court in making wholly irrelevant statements, entirely inapplicable to the case; and the judge, in his dis-

cretion, can interrupt him when he is doing so, and instruct him to confine his statement to the case. *Coxwell* v. *State,* 66 *Ga.* 309." The Supreme Court likewise held in *Prater* v. *State,* 160 *Ga.* 138 (2) (127 S. E. 296) : "The privilege of making a statement to the jury, accorded to a defendant in a criminal trial in this State, is an anomaly. The contents of the statement are not to be restricted or governed by the rules controlling the admissibility of evidence. 'In all criminal trials the prisoner shall have the right to make to the court and jury such statement in the case as *he may deem proper in his defense.'* Though the court may prevent repetition of the same statements or debar the statement of circumstances wholly disconnected with the transaction which is the basis of the crime with which the defendant stands accused, still, as to the statement of facts which are connected with such transaction and as explanatory of the motives and conduct of the accused, or as illustrative of his mental condition, the statement of the defendant can not be withdrawn from the jury, or curtailed either by rulings or interruptions, merely because the facts stated by the defendant and which constitute a part of his narrative of his connection with the case may, under the rules of evidence, be irrelevant and do not present in law a valid defense."

We feel reluctant to set aside this verdict which has the approval of the learned trial judge, but we feel constrained to do so. We feel that the probable harm done to the defendant by allowing him to be interrupted and excluding from the consideration of the jury that portion of the statement set out in this opinion was such an invasion of his rights as to demand a reversal.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*