18697. TUCKER *et al. v.* CITY OF ATLANTA.

SUBMITTED SEPTEMBER 17, 1954—DECIDED OCTOBER 11, 1954—
REHEARING DENIED NOVEMBER 10, 1954.

*Eugene T. Branch, Bird & Howell, Robert L. Foreman, Jr.,* for plaintiffs in error.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Henry L. Bowden, Martin McFarland,* contra.

WYATT, Presiding Justice. ■ The zoning ordinances of the City of Atlanta that were introduced in evidence and are here material read as follows: "Section 4. R-1. Estate Residential District Regulations—401. Use Regulations.

"401.0 Principal Uses Permitted. The following uses and no other shall be permitted of all property now or hereafter located in a District designated as 'Estate Residential' according to the Use Map. 401.1 One-Family Dwelling, as herein defined.

"Section 22. Existing Non-Conforming Uses. 2200.01 The

lawful use of land existing at the time of the passage of this Resolution, although such use does not conform to the provisions hereof, may be continued except that if such existing non-conforming use is hereafter discontinued, any future use of said premises shall in all respects conform to the provisions of this Resolution. Except as required by law, there shall be no structural alteration of premises devoted to a non-conforming use, until such structural alterations have been specially authorized by the Board of Appeals after recommendation of the Planning Commission.

"2200.02 No building, structure, or land in or on which a non-conforming use ceases to exist for a period of one year, or is superseded by a permitted use subsequent to the enactment of this Resolution, shall again be devoted to any prohibited use.

"2200.011 Any such non-conforming use which is not otherwise unlawful may be hereafter extended throughout any part of a building or structure which was manifestly arranged or designed for such use prior to the time of enactment of this Resolution.

"223. 'Dwelling, Multi-family', 'Multi-family Dwelling'; means a building designed for, or a portion of a building having accommodations for three or more families being independent of each other, which may or may not have joint use of utilities, baths, yards, etc. This term includes premises occupied more or less permanently for residential purposes in which the rooms are occupied in apartments, suites, or groups such as apartment units, tenement houses, flats, apartment hotels, bachelor apartments, studio apartments, kitchenette apartments, and all other dwellings similarly occupied.

"254. 'Structural Alterations': Means any change in the supporting members of a building or structure, such as bearing walls, columns, beams, girders, floor joists or roof joists, or in the exterior walls."

It was admitted that these zoning ordinances were in effect in 1952 when the defendants purchased the property in question, and had been in effect since June 7, 1946. It was also admitted that the property was located in "an estate residential district" in which only one-family dwellings were permitted. The plaintiffs in error in their brief state: "In the trial of the case the

Tuckers did not contend, and do not now contend, that the house has been actually used and occupied as a multi-family dwelling since 1946 without interruption for one year." It therefore appears that the controlling facts in the case were agreed upon in so far as the actual use of the house is concerned, and it is undisputed that the use now being made of the house is in violation of the one-family residence provision of the zoning ordinances, and that the property is located in a territory zoned in 1946 for one-family homes. The contention of the plaintiffs in error as stated in their briefs is: "The Tuckers contend that there has been an uninterrupted non-conforming use of the property, not only since 1946, but since 1927. This contention is based upon the fact that the building in question has been a multi-family dwelling within the definition contained in the zoning regulations ever since 1927."

The evidence in question discloses that the house in question is a very large house with eight rooms and three baths upstairs, and a very elaborate lay-out down stairs. The upstairs can be reached by a stairway from both the outside and the inside of the downstairs. The Tuckers had, by the erection of walls composed of what appears to be sheetrock or some such material, cut off a space for a kitchen on each side of the building upstairs, had installed kitchen sinks, waste disposal, and the tenants had installed cooking stoves, thus providing for two complete housekeeping units in the upstairs of the building, which had been rented to tenants.

The contentions of the plainitffs in error seem to be that, since at all times the construction and arrangement of the house had been such that it could have been converted into apartments, it was for this reason not subject to the provisions of the zoning ordinances, even though at the time the ordinances were passed the property was being used as a one-family residence and had never been otherwise used until the Tuckers divided the house into apartments. The question here presented calls simply for a construction of the zoning ordinances in question. We do not believe the construction of the ordinances by the plaintiff in error is correct. If so, any building located in a one-family zone when the ordinance was enacted, that could, by the installation of walls, sinks, waste disposal, and stoves be made into

apartments, would not be covered by the terms of the one-family zoning restrictions. Such a construction of these ordinances would have the effect of destroying the one-family zoning restrictions because there are few homes that could not be converted into apartments of some size by this procedure.

We do not overlook *David* v. *Bowen,* 191 *Ga.* 467 (12 S. E. 2d 873), where the holding is to the effect that as a general rule the owner of property has the right to use the property for any lawful purpose, and that restrictions on this right are to be strictly construed, and many other decisions by this court to the same effect. We are also familiar with the line of cases cited by the plaintiffs in error to the effect that zoning ordinances are to be liberally construed in favor of the property owner. Zoning ordinances, however, are now provided for by the Constitution of the State of Georgia. These plaintiffs in error purchased the property in question in 1952. They were charged with knowledge that the section in which the property was located had been zoned in June, 1946; that the property at the time of the purchase was being used as a one-family residence, and had never been otherwise used. The mere fact that the property could have been otherwise used, under the facts in this case, does not remove it from the one-family residence restrictions of the zoning ordinances.

This ruling disposes of the motion for judgment notwithstanding the verdict as well as the general grounds of the motion for new trial. Ground 1 of the amendment to the motion for new trial, being a complaint that the trial court erred in directing a verdict, is also controlled by the above ruling.

Grounds 2 and 3 of the amendment to the motion for new trial pose for the first time constitutional questions. This court as recently as *Stone* v. *State,* 202 *Ga.* 203 (42 S. E. 2d 727), held that constitutional questions can not be raised for the first time by a motion for new trial. In that case a few of the many cases of this court to the same effect are cited. Therefore the constitutional questions can not be considered.

From what has been said above, it follows there is no error in the judgment under review.

*Judgment affirmed. All the Justices concur.*