## 19172. CORBIN v. THE STATE.

CANDLER, Justice. John F. Corbin was indicted in Fulton County on January 22, 1954, jointly with Juanita Bullock and Tommie Couch for the murder of Oscar Roebuck, to which charge he pleaded not guilty. He was convicted of murder on March 19, 1954, without any recommendation and sentenced to be electrocuted. For errors in the court's instructions to the jury, this court reversed his conviction and granted him a new trial. See *Corbin* v. *State*, 211 *Ga*. 400 (86 S. E. 2d 221). He was tried anew on June 9, 1955, convicted as before, and again sentenced to death by electrocution. In due time, he filed a motion for new trial on the usual general grounds, and later amended it by adding twelve special grounds. His amended motion was denied and the exception is to that judgment. *Held:*

1. There is no merit in special ground 1 of the motion for new trial, which alleges that the trial judge erred in denying the defendant's motion for a continuance. A motion to continue is addressed to the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion. Code § 81-1419; *Blackston* v. *State*, 209 *Ga*. 160 (2) (71 S. E. 2d 221), and citations. The grounds for continuance here are that counsel had been employed only two weeks and had been handling other cases, that counsel had been unable to find some of the defendant's witnesses, and that some of his witnesses were out of the State, and others had not responded to the subpoenas served on them. This court will not hold that the trial judge abused his discretion in refusing a continuance where counsel had been employed for two weeks and was unprepared because he had been handling other cases. See *Burchard* v. *Boyce*, 21 *Ga*. 6 (2). In all applications for continuances upon the ground of the absence of a witness, it must be shown to the court that a named witness is absent; that he has been subpoenaed; that his testimony is material; that such witness is not absent by the permission, directly or indirectly, of such applicant; that he expects to be able to procure the testimony of such witness at the next term of the court; and that such application is not made for the purpose of delay, but to enable the party to procure the testimony of such absent witness; and the facts which the applicant expects to prove by the absent witness must be stated. Code § 81-1410. The motion for continuance in this case did not comply with these requirements. Hence, no abuse of the court's discretion in refusing to continue the case because of the absence of witnesses is shown.

2. "Mere failure to have a verdict, or verdicts, previously rendered in the same case, covered up or concealed from the jury will not, in the absence of any request on the subject, be treated as error." *Smalls* v. *State*, 105 *Ga*. 669 (6) (31 S. E. 571). For a like ruling see *Allen* v. *State*, 155 *Ga*. 332 (1) (116 S. E. 534). In special ground 2 of the defendant's motion, it is alleged that the court erred in allowing the indictment to be taken to the jury room with a former verdict convicting him entered upon it. This ground of the motion does not show that the defendant, during his trial, made any request that the former verdict against him be detached, erased, or in some way concealed; however, the trial judge in his order approving this ground of the motion certifies that the former verdict was

completely concealed by a cardboard stapled over it before the indictment was sent to the jury room, and that it was still so concealed when the indictment was returned to the courtroom by the jury. This special ground of the motion shows no error and is wholly without merit.

3. In special ground 3, it is alleged that the court erred in failing, without a request therefor, to specifically instruct the jury that the indictment against the defendant was not evidence and should not be considered as such by the jury. This contention is without merit. In his charge to the jury the judge gave the following instructions: "The indictment together with the defendant's plea of not guilty forms the issue which you gentlemen are to determine." Also, "It is necessary for the State to prove every material allegation in this bill of indictment to your satisfaction beyond a reasonable doubt, by the production of evidence, before you would be authorized to convict the defendant."

4. Special ground 4 alleges that the court erred in giving the following charge: "Your verdict should be in writing, it should be dated, it should be entered upon the indictment in this case, signed by one of your members as foreman and returned into open court." The movant contends that this portion of the charge was erroneous, because (1) it was confusing, (2) it was misleading, and (3) it was the duty of the court to supply the jury with a separate piece of paper on which to write its verdict "with no writings, scribblings, or cover-ups thereon," so that the jury would not be influenced against him by the entries on the bill of indictment. From the facts recited and the ruling made in division 2 of this opinion, it necessarily follows that this special ground is not meritorious.

5. Special ground 5 alleges that the court erred in failing to charge the jury, without request, substantially as follows: "Certain statements have been made in your presence by counsel; and there has been certain testimony read to you as testimony of witnesses in a previous trial of this case. It is proper that the court instruct and caution you that you are not to permit yourselves to be influenced for or against either side of the case, by whether there was or was not any previous trial or trials or the outcome thereof. It is not proper for you to concern yourselves with any such previous trial or trials." In view of the full and fair charge given on this trial, there is clearly no merit in this special ground of the motion.

6. Special ground 6 alleges that the court erred in failing to charge, without request, substantially as follows: "You are to totally disregard the entries upon the bill of indictment showing the plea of guilty by a co-defendant in this case, Tommie Couch, dated May 17, 1954. Likewise, you are to totally disregard the entry on the bill of indictment as to the other co-defendant Juanita Bullock upon which no disposition appears. You are in your deliberation not to be concerned with these writings upon the bill of indictment." In the absence of a timely written request for such a charge, this special ground shows no error.

7. Special ground 7 alleges that the court erred in refusing to permit the movant's counsel to question him while he was making his statement to the jury concerning a letter the defendant then had in his hand. This ground of the motion shows no error. Under the wording of our statute as construed by our courts, the defendant makes his own statement. *Prater* v. *State*, 160 *Ga.* 138 (2) (127 S. E. 296). The right to make a statement in his behalf is a personal right granted to the defendant by

Code § 38-415, and extends no further than to permit him personally to make to the court and jury just such statement as he deems proper in his defense. His counsel has no right to ask him questions while he is making his statement. The trial judge, however, in his discretion, can permit his counsel to ask him questions or make suggestions to him relating to his statement, while he is making it or when he has concluded it. *Echols* v. *State,* 109 *Ga.* 508 (4) (34 S. E. 1038); *Walker* v. *State,* 116 *Ga.* 537 (1) (42 S. E. 787, 67 L. R. A. 426); *Lindsay* v. *State,* 138 *Ga.* 818 (8) (76 S. E. 369); *Jarrard* v. *State,* 206 *Ga.* 112 (55 S. E. 2d 706). In this case it does not appear from the record that the trial judge abused his discretion in refusing to permit the defendant's counsel to question him. In *Lindsay's* case, supra, it was said: "There was no abuse of discretion in refusing to allow counsel for the defendant, over objection, to examine the accused after he had made his statement not under oath, although he had submitted to examination by the State's counsel."

(a) During the trial the defendant made no sufficient attack on the constitutionality of our statute, or any part thereof, which gives the defendant the right to make a statement to the court and jury in his own behalf (*Mullis* v. *State,* 197 *Ga.* 550, 553; 30 S. E. 2d 99), but in this special ground of his motion for new trial, he makes in form proper constitutional attacks on that statute, alleging that it offends enumerated provisions of the State and Federal Constitutions. However, this attack came too late to be considered. "A question as to the constitutionality of a law cannot be raised for the first time in a motion for a new trial, where it was not made either by demurrer to the pleadings or by objections to evidence, or in some other appropriate way pending the trial." *Stone* v. *State,* 202 *Ga.* 203 (42 S. E. 2d 727); *Flynt* v. *Dumas,* 205 *Ga.* 702 (54 S. E. 2d 429); *Tucker* v. *City of Atlanta,* 211 *Ga.* 157 (84 S. E. 2d 362).

8. Special ground 8 alleges that the court erred in allowing in evidence a written statement concerning the killing of Oscar Roebuck, which Tommie Couch gave the investigating officers on January 21, 1954. When this statement was offered by the State, the only objection which counsel for the defendant made to its admission was in substance the following: Unless the State has this witness here to testify, I am certainly going to object to the admission of her statement, on the ground there can be no cross-examination of her and "no verification that she admitted that she signed it." The record shows that the witness (Tommie Couch) was present at the trial, testified as a witness for the State, was cross-examined at length by counsel for the defendant, and she testified that she signed the statement. Over the objection made, this ground of the motion shows no error.

9. On the trial, written statements concerning the killing of Oscar Roebuck, which Juanita Bullock and Tommie Couch gave the investigating officers, were admitted in evidence. They were identified as State's exhibits 16 and 17. They are similar in all material respects and show that the defendant killed Roebuck without any semblance of justification while robbing him and the place of business where he was employed. Juanita Bullock's statement was admitted without objection, and we have in the preceding division dealt with the objection to Tommie Couch's statement. J. E. Helms, a member of Atlanta's police department and as a witness

for the State, testified that he read each of the statements to the defendant in the presence of his former attorney and the girls who made them, and the defendant at that time said the girls had told the truth. Respecting these statements, the court instructed the jury: "Gentlemen of the jury, State's exhibit 16 and State's exhibit 17 are admitted solely for the purpose of establishing an admission by the defendant if they do so establish it. Whether or not they establish an admission by the defendant is a question of fact for you to determine. The court will give you instructions in regard to admissions and the law applicable to admissions in its charge to you." Special ground 9 of the motion for new trial alleges that the quoted instruction was erroneous and unsound as an abstract principle of law, in that it was inapplicable to the issue and clearly inappropriate because the reason for allowing the statements in evidence could not have been exclusively for the purpose of proving an admission by the defendant, since they tend to establish or prove a conspiracy between the defendant and his co-indictees to do the unlawful act charged in the indictment, and they tend to impeach and contradict the anticipated statement of the defendant and his witnesses and tend to show motive. We cannot perceive how the defendant was injured by this instruction, and error without injury never requires the reversal of a judgment.

10. Special ground 10 alleges that the court erred, without request therefor, in failing to charge on insanity as a defense. This contention is without merit. On this issue, the defendant introduced several witnesses, who testified that he was normal mentally and that he, in their opinion, knew the difference between right and wrong. There was no evidence by any one that the defendant was mentally unable to distinguish between right and wrong with reference to the unlawful act for the commission of which he was being tried.

11. When the defendant went to the stand to make his statement, he was fully and correctly instructed by the judge respecting his right to make to the court and jury an unsworn statement. While making it, he started to read verbatim a letter which he then had in his hand, a letter which had not been introduced in evidence and as to the genuineness of which there was no proof. State's counsel objected to his reading it. The jury was retired, and there was a colloquy between the judge, defendant's counsel, and counsel for the State, which covers 16 pages of the record. On the return of the jury to the courtroom, the judge stated to the defendant: "I will instruct you again that you have the right to make such statement in your own defense, as you may deem proper subject to the limitations which the court just stated, that is, you have no right to read any letters that you hold in your hand, if you hold a letter in your hand." Special ground 12 alleges that the court erred in giving the defendant the quoted instruction, because (1) it illegally restricted his right to make such statement in his own behalf as he deemed proper; (2) it prohibited him from refreshing his recollection from the letter; and (3) it denied him the right to give the jury his pertinent and material statement as to why he remained silent when the statements of the two codefendants were being made immediately after the alleged murder. That this ground of the motion for new trial is without merit, is well settled by the unanimous rulings in *Wells* v. *State*, 97 *Ga.* 209 (22 S. E.

958), *Nero* v. *State,* 126 *Ga.* 554 (55 S. E. 404), and *Woodard* v. *State,* 5 *Ga. App.* 447 (4) (63 S. E. 573).

12. The remaining special ground of the motion has been carefully examined and considered, and it is sufficient to say that it is without merit.

13. The evidence was amply sufficient to show that the defendant and his co-indictees went to.the place of business where the deceased was employed, for the sole purpose of robbery; that the defendant shot the deceased in the back of his head while he was picking up a coin which had fallen on the floor; and that, after thus killing him, the defendant robbed his person and the place of business of all money there found. It shows nothing short of a brutal and wholly unjustified killing by a person who knew the difference between right and wrong with reference to that particular act. Hence, there is no merit in the general grounds of the motion for new trial.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents from the ruling in division 11 of the opinion, and from the judgment of affirmance.*

ARGUED JANUARY 11, 1956—DECIDED FEBRUARY 15, 1956—
REHEARING DENIED FEBRUARY 29, 1956.

*Paul James Maxwell,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carl B. Copeland, William E. Spence, Eugene L. Tiller, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.