No. 2.—Ezekiel A. Roberts, plaintiff in error, *vs.* The State of Georgia, defendant.

[1.] Applications for continuance are made to the sound discretion of the Court, and the appellate Court will be careful not to interfere with that discretion, except in cases of abuse.

Indictment for Burglary, in Monroe Superior Court. Tried before Judge STARK, March Term, 1853.

The defendant in this case being arraigned, and having pleaded not guilty, moved for a continuance on the following grounds:

1st. That by reason of his close confinement in jail since his

Roberts *vs.* The State of Georgia.

arrest, (a space of five months) and his inability to employ counsel, he had been unable to prepare his defence.

2nd. That he had not known until the finding of the bill at the present term, for what offence he would be indicted.

3rd. That he desired to procure the testimony of certain persons residing in Ohio, to impeach the credibility of two witnesses, who he believed the State would introduce.

4th. Because the popular feeling in the county was so much excited against him, that he could not, at that term of the Court, obtain an impartial trial.

The motion for continuance was overruled, and the defendant tried and convicted.

Whereupon the defendant's counsel excepts, assigning as error the refusal of the Court to grant a continuance, on the grounds stated.

LAMAR, HAMMOND & LOCHRANE, for plaintiff in error.

GLENN, repesenting THRASHER, Sol. Gen., for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The assignments of error in this case are based upon the refusal of the Court below of a motion for continuance; and for the reasons which we give, when considering the motion for continuance, in the case of Ezekiel A. Roberts and Gideon Copenhaven *vs.* the State, arising out of an indictment for robbery, decided at this term*, we think the judgment of the Court was correct in this case, and accordingly we affirm it.

---

*NOTE.— Next case.