GRIFFIN *v.* THE STATE.

No. 17705.   SUBMITTED JANUARY 15, 1952—DECIDED FEBRUARY 13, 1952.

*James M. Watts Jr.* and *Peter J. Rice,* for plaintiff in error.

*Eugene Cook, Attorney-General, R. L. Addleton, Assistant Attorney-General,* and *C. S. Baldwin Jr., Solicitor-General,* contra.

HEAD, Justice. ■ The deceased died as the result of knife wounds inflicted on him by the defendant. The trial judge fully charged the jury the rules of law pertaining to voluntary manslaughter, involuntary manslaughter, and justifiable homicide. It was a question of fact for the jury to determine, under the circumstances related by the witnesses and the statement of the defendant, whether the homicide was murder. The verdict was authorized by the evidence, and it was not error to overrule the general grounds of the motion for new trial.

■ "Applications for continuance are made to the sound discretion of the court, and the appellate court will be careful not to interfere with that discretion, except in cases of abuse." *Roberts* v. *State,* 14 *Ga.* 6. "The refusal of a continuance is in the sound, legal discretion of the superior court, and not of this court, and, to make the refusal of the circuit judge to grant a continuance a ground of error, it must be made apparent, affirmatively, that the court below has abused his discretion. . .

It is not enough, simply, that this court would, so far as the case is before it, have done otherwise, but it must affirmatively appear, that on the whole case, the judge was clearly wrong, before this court has jurisdiction of an error of discretion." *Long* v. *State,* 38 *Ga.* 491, 506. On review of the action of the trial judge in refusing to grant a motion for continuance, this court can only decide, as a matter of law, whether or not the trial judge abused his discretion.

In this case, a showing was made that the defendant had suffered from epilepsy for twelve years, and the testimony of the psychiatrist showed that epilepsy is a disease which may cause insanity, and that it would require an observation period of at least thirty days in order to determine whether or not the defendant was insane as a result of his epilepsy.

There was no evidence adduced upon the motion for continuance or upon the trial of the case to indicate that the defendant is permanently insane, or that he was afflicted with a mental derangement (caused by epilepsy) at the time of the homicide. The test of criminal responsibility in this State is whether or not the accused, at the time of the commission of the offense, had sufficient reason to distinguish between right and wrong in relation to the particular act about to be committed. *Hinson* v. *State,* 152 *Ga.* 243 (3) (109 S. E. 661); *Lively* v. *State,* 178 *Ga.* 693, 700 (173 S. E. 836). There is nothing in the testimony of the State's witnesses or the defendant's statement that would authorize an inference that the defendant did not have sufficient reason to distinguish between right and wrong at the time he inflicted the injuries upon the deceased which resulted in his death.

The reversal of the trial court by this court in *Saylor* v. *State,* 183 *Ga.* 440 (188 S. E. 514), was based upon facts entirely different from those in the present case. Under the circumstances disclosed by the motion for continuance and the evidence introduced at the hearing thereon, and the evidence in the case, we can not say that the trial judge abused the discretion vested in him in refusing to grant the motion for continuance. Compare *Mc-Lendon* v. *State,* 205 *Ga.* 55 (52 S. E. 2d, 294).

*Judgment affirmed. All the Justices concur.*