BLACKSTON *v.* THE STATE.

DUCKWORTH, Chief Justice. 1. Where, on a hearing of a motion for a continuance before the jury has been empaneled, the court engages in a colloquy with the solicitor-general and remarks are made within the hearing of the jurors and in a manner such as to allegedly prejudice the defendant's rights, counsel for the defendant should move for a postponement in order that other jurors than those present may be empaneled to hear the evidence in the case. Counsel, having failed to make such a motion and having proceeded to trial without objection, can not after conviction raise the question, as to the prejudicial nature of the remarks complained of, in a motion for new trial. *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184); *Morris* v. *State,* 185 *Ga.* 67 (194 S. E. 214).

2. The granting of a motion for a continuance is within the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion. Code, § 81-1419; *Roberts* v. *State,* 14 *Ga.* 6; *Long* v. *State,* 38 *Ga.* 491; *Cannady* v. *State,* 190 *Ga.* 227 (9 S. E. 2d, 241); *Moore* v. *State,* 202 *Ga.* 357 (43 S. E. 2d, 251); *Griffin* v. *State,* 208 *Ga.* 746 (69 S. E. 2d, 665). The basis for a continuance here being that counsel did not have sufficient time in four days to obtain the defendant's Army records to determine his sanity at the time of his discharge therefrom, and to investigate his family background as to insanity, the trial judge did not

abuse his discretion in refusing to grant the continuance, as the only reason offered by counsel was his information and belief that he might be able to find evidence and no showing was made that the above was true.

3. An accused is presumed to have been sane at the time of the criminal act and, hence, has the burden of showing, by a preponderance of evidence, that he was mentally irresponsible at that time. *Rozier* v. *State*, 185 *Ga.* 317 (195 S. E. 172). The evidence here which only shows the defendant to have been in a highly nervous condition after the killing was totally insufficient to warrant a charge on insanity. See *Floyd* v. *State*, 143 *Ga.* 286 (84 S. E. 971); *Barker* v. *State*, 188 *Ga.* 332 (4 S. E. 2d, 31); *Jones* v. *State*, 197 *Ga.* 604 (30 S. E. 2d, 192).

4. The court did not err in charging the jury on the question of the credibility of witnesses, as such charge was a correct abstract principle of law applicable even in a criminal case. Code, § 38-1805; *Howard* v. *State*, 73 *Ga.* 83; *Thompson* v. *State*, 160 *Ga.* 520 (128 S. E. 756); *Coates* v. *State*, 192 *Ga.* 130 (15 S. E. 2d, 240).

5. The evidence here, showing that the accused struck his wife with an axe, after which she lost consciousness and never regained it, was sufficient to support the verdict of guilty.

6. For the foregoing reasons the court did not err in refusing to grant the amended motion for new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 17844. SUBMITTED MAY 12, 1952—DECIDED JUNE 9, 1952.

*E. R. Smith Jr.*, for plaintiff in error.

*Eugene Cook, Attorney-General, J. R. Walker, Solicitor-General, J. Edwin Peavy, Kopp & Peavy* and *W. Dan Greer* contra.