### 18821. HARRIS *v.* THE STATE.

SUBMITTED JANUARY 11, 1955—DECIDED FEBRUARY 14, 1955.

*Archie L. Gleason, George Dawson,* for plaintiff in error.

*George Hains, Solicitor-General, Eugene Cook, Attorney-General, Joan Larsen,* contra.

ALMAND, Justice. On May 24, 1954, a grand jury of Richmond County returned a true bill against Alfred Harris, the indictment charging that the defendant on May 14, 1954, did kill and murder Oscar Willingham by shooting him in the head with a rifle

and by assaulting, beating, and striking him on the head and body with some blunt instrument. The case coming on for trial before a court and jury, a verdict was returned on June 28, 1954, finding the defendant guilty without a recommendation, and he was sentenced to be electrocuted. His motion for a new trial, on the general grounds and as amended, was denied, and error is assigned on the order denying this motion.

■ The sole ground in the amended motion asserts that the court erred in denying the defendant's oral motion for a continuance. At the beginning of the trial, counsel for the defendant orally moved the court for a continuance, the ground of the motion being that the defendant did not have counsel representing him until six days before his trial, when the court appointed two attorneys to represent him. It appears that counsel had one examination of the defendant made by a psychiatrist as to the former's mental condition, and from his report he recommended further psychiatric examination, and counsel wanted further time for examination, and thought that, if counsel had ample time for further examination, they would be able to show that he was insane.

The grant of motions for continuance is within the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he abused his discretion. Code § 81-1419; *Griffin* v. *State*, 208 *Ga.* 746 (2) (69 S. E. 2d 192). In *Blackston* v. *State*, 209 *Ga.* 160 (71 S. E. 2d 221), which was a murder case, we held: "The basis for a continuance here being that counsel did not have sufficient time in four days to obtain the defendant's Army records to determine his sanity at the time of his discharge therefrom, and to investigate his family background as to insanity, the trial judge did not abuse his discretion in refusing to grant the continuance, as the only reason offered by counsel was his information and belief that he might be able to find evidence and no showing was made that the above was true." In the same connection, see also *McLendon* v. *State*, 205 *Ga.* 55 (2) (52 S. E. 2d 294); *Starr* v. *State*, 209 *Ga.* 258 (1) (71 S. E. 2d 654). It was not error for the trial judge to deny the motion for a continuance.

■ The question of the defendant's insanity was raised by his plea of not guilty. The only evidence introduced in his behalf

as to his mental condition was that he never did talk much, that he had had headaches all his life, that he would do things he was told not to do, and on the day of the homicide he acted like his mind was bad, and acted funny and queer. The only medical evidence introduced was the testimony of Dr. H. M. Cleckley, a witness for the State, a physician engaged in the practice of medicine, and on the staff of the Georgia Medical School, whose specialty was pyschiatry and neurology. He testified that he examined the defendant a few days before the trial, and that the defendant did not show any evidence of psychosis, and was capable of knowing the nature of the deed and whether it was right or wrong; and that there was some evidence of schizoid tendencies in his temperament.

We have thoroughly examined the evidence in this case, and are of the opinion that it does not sustain the defendant's contention that he was insane at the time of the homicide, or that he was not mentally responsible for the act he committed.

■ The evidence shows that the accused killed his step-grandfather by first beating him over the head and body, and then shooting him through the head with a .22 calibre rifle, for the purpose and with the intent of robbing him. His detailed confession of the crime is fully corroborated by evidence, direct and circumstantial. It shows a brutal, wanton assault, and there was no error in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur.*