### 19846. HALL *v.* THE STATE.

DUCKWORTH, Chief Justice. 1. Where, on motion for continuance, it appeared that counsel were appointed on Monday to represent this defendant as well as two others, all indicted for the murder of the same man while in the commission of a robbery, and they tried the other defendants on Wednesday and Thursday, and the present case was called for trial on Friday, and the motion indicated no information or investigation which the movant desired, but he merely sought more time, we can not hold that it was an abuse of discretion to deny the motion. *McLendon* v. *State,* 205 *Ga.* 55 (2) (52 S. E. 2d 294); *Blackston* v. *State,* 209 *Ga.* 160 (2) (71 S. E. 2d 221); *Starr* v. *State,* 209 *Ga.* 258 (1) (71 S. E. 2d 654); *Butts* v. *State,* 211 *Ga.* 16 (1a) (83 S. E. 2d 610); *Harris* v. *State,* 211 *Ga.* 327 (1) (85 S. E. 2d 770); *Corbin* v. *State,* 212 *Ga.* 231 (1) (91 S. E. 2d 764).

2. Where a witness, who testified to incriminating statements made to him by the accused, testified that he did not threaten the accused, and the accused was not coerced by anyone, that the accused was not promised anything, that he was not abused and was advised that he might have legal counsel, it was not error to overrule an objection upon the ground that the statements were not shown to be free and voluntary. *Turner* v. *State,* 203 *Ga.* 770 (1) (48 S. E. 2d 522); *Williams* v. *State,* 210 *Ga.* 207 (3) (78 S. E. 2d 521).

3. Where a witness had said in response to questions by counsel for the defendant that there was no evidence on the trial that the defendant wielded an ax or a bar, it was not ground for a mistrial when the solicitor asked the same witness if he was not referring only to this defendant's statement when he said they did not hit with the bar, and the court instructed the jury not to consider the question asked by the solicitor and to

erase it from their minds. *Waller* v. *State,* 164 *Ga.* 128 (138 S. E. 67) ; *Nelson* v. *State,* 187 *Ga.* 576 (1 S. E. 2d 641) ; *Johnson* v. *State,* 196 *Ga.* 358 (26 S. E. 2d 600) ; *Tye* v. *State,* 198 *Ga.* 262 (31 S. E. 2d 471).

4. Where the solicitor stated "in his place" certain facts, and said he could not get on the stand and testify, and defense counsel replied that no law barred him from testifying, whereupon he replied that, "if they want to put me up there, I will explain," cause for a mistrial was not shown, and it was not error to deny the motion therefor.

5. It was not error to admit in evidence over objection photographs of the body of the deceased, an ax, and a wooden bar which some of the evidence showed were used in the slaying by this accused and his coconspirators to rob. *Bryan* v. *State,* 206 *Ga.* 73, 74 (55 S. E. 2d 574) ; *Davidson* v. *State,* 208 *Ga.* 834 (4) (69 S. E. 2d 757) ; *Johnson* v. *State,* 209 *Ga.* 333 (72 S. E. 2d 291) ; *Williams* v. *State,* 210 *Ga.* 207 (4), supra; *Jones* v. *State,* 210 *Ga.* 94 (3) (78 S. E. 2d 18).

6. Nor was it error to allow the articles referred to in headnote 5 to go out with the jury. The jury is entitled to have out with it all evidence introduced. *Davis* v. *State,* 91 *Ga.* 167 (17 S. E. 292) ; *Adams* v. *State,* 93 *Ga.* 166 (18 S. E. 553) ; *Edwards* v. *State,* ante.

7. The evidence supports the verdict; and, no error of law appearing in the special grounds, the court did not err in denying the amended motion for new trial.

*Judgment affirmed. All the Justices concur.*

Argued September 11, 1957—Decided October 11, 1957.

*Lewis & Rozier, Dickens & Dickens,* for plaintiff in error.

*George D. Lawrence, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.