41824, 41825. HALL v. THE STATE (two cases).

HALL, Judge. The defendant in each of these cases was convicted in the Criminal Court of Fulton County on an accusation alleging that the defendant "did keep, maintain, and operate a lottery, known as the number game, for the hazarding of money." The defendants appeal from judgments of the superior court denying their petitions for certiorari.

The only issue before this court is whether evidence admitted

at the trial was obtained by use of an illegal search warrant. The affidavit upon which the judge of the Municipal Court of Atlanta issued the warrant stated: "Reliable informer, who have [has] proven reliable in the past on other searches, states of his own knowledge, that the subject is engaged in lottery. Also he have [has] seen the subject writing lottery on the kitchen table, in the kitchen. Also have had the house under surveillance for a number of days, and have seen known lottery people going in and out of house." *Held:*

1. The facts stated in the affidavit were sufficient to support a finding of probable cause. *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666).

2. The defendants contend that the Judge of the Municipal Court of Atlanta has no authority to issue search warrants. In *Veasey v. State,* 112 Ga. App. 651 (145 SE2d 745), this court held that a justice of the peace had authority to issue a search warrant. "All police-court recorders and judges of all recorders' courts in this State shall have and are hereby given the same powers and authorities as ex officio justices of the peace in the matter of and pertaining to criminal cases of whatever nature in the several courts of this State." Ga. L. 1935, p. 458 (*Code Ann.* § 69-705). The Municipal Court of Atlanta is the name of the recorder's court of the City of Atlanta. The judges of this court have the same jurisdiction, powers, and duties as are prescribed by the law applicable to recorders. Ga. L. 1952, p. 2676; Ga. L. 1956, p. 3368.

The judge of the Municipal Court of Atlanta was authorized to issue the search warrant.

3. The defendants contend that the search made pursuant to the warrant was rendered illegal by the fact that the investigating officer, before informing the defendant that he had a search warrant, gained entrance into the house by posing as an insurance agent. In *Shafer v. State,* 193 Ga. 748 (20 SE2d 34) upon which the defendants rely, it was held that a search was illegal when the officer made it under disguise, and the search warrant was in possession of another officer a mile away or *so far distant* that it could not be exhibited to the person whose house was searched. This decision does not support the defendants' contention; the reason for it was not that the officer gained entrance to the house under false pretenses, but that he could not have produced the warrant

at the time he made the search. We have found no authority supporting the contention that the officer's conduct in representing himself as an insurance agent was unreasonable in the circumstances or made the search illegal. *Code* § 26-6408; *Kneeland v. Connally,* 70 Ga. 424; 47 Am. Jur. 526, §§ 39, 41; 79 CJS 904, § 83 (b); see Kaplan, Search and Seizure; A No-Man's Land in the Criminal Law, 49 Calif. L. Rev. 474, 501. There is nothing illegal in the use of deception by police officers in the obtaining of evidence for the purpose of criminal prosecutions. See *Blackwell v. State,* 113 Ga. App. 536.

4. As to the authority to issue a search warrant for the implements of gambling, see *Ellenburg v. State,* 113 Ga. App. ante.

The trial court did not err in denying the defendants' petitions for certiorari.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

ARGUED FEBRUARY 8, 1966—DECIDED APRIL 21, 1966—
REHEARING DENIED MAY 4, 1966.

*John W. Rogers,* for appellant.

*Lewis Slaton,* Solicitor General, *William E. Spence,* Solicitor, *Frank Bowers,* for appellee.

