42234. CROKER v. THE STATE.

Argued September 12, 1966—Decided September 29, 1966—
Rehearing denied October 20, 1966.

*Henritze, Baker & Bailey, Walter M. Henritze, Jr.,* for appellant.

494

*Lewis R. Slaton, Solicitor General, Jess H. Watson, J. Walter Le Craw,* for appellee.

DEEN, Judge. ■ An arresting officer may arrest under a warrant issued by a judicial officer in any county in the state. *Code* § 27-209. However, the officer should have the warrant, whether for search or arrest, in his physical possession or so near at hand that it can be exhibited on demand. *Shafer v. State,* 193 Ga. 748 (20 SE2d 34); *Hall v. State,* 113 Ga. App. 587 (149 SE2d 175). "For the purpose of making an arrest, a warrant is not in the possession of the officer when it is in his house some distance from the scene of the arrest." *Adams v. State,* 121 Ga. 163 (3) (48 SE 910). Where the offense is a misdemeanor not committed in the presence of the arresting officer, and where flight is not involved, no arrest may be made without a warrant, and the mere fact that a warrant exists but is not accessible at the time of the arrest will not justify the arrest. *Adams v. State,* supra; *Giddens v. State,* 154 Ga. 54 (113 SE 386); *Luffman v. State,* 166 Ga. 296 (143 SE 371). Indubitably, where the crime is a felony the rule is broader. "[W]hen a felony has been committed, any private person acting upon a reasonable and probable ground of suspicion, may also apprehend the person suspected of the crime. The apprehension, under these circumstances, may be without a warrant, but it is only for the purpose of taking the offender before a magistrate. He may be taken and detained, until he can be committed to the custody of the law. The arrest is for no other purpose." *Long v. State,* 12 Ga. 293, 318, and see *Code* § 27-211. Under *Code* § 27-207 an officer may arrest without a warrant if the offense is committed in his presence, if the offender is endeavoring to escape, or if "for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." What the last quoted phrase includes is obscure, but it is definite that it does include a situation where a police officer, knowing that a warrant has been issued for a felony, and with probable cause to believe that if he takes the time to procure it the offender will escape, makes the arrest although the warrant is not in close physical proximity at the time. *Paige v. State,* 219 Ga. 569, 572 (134 SE2d 793); *Cash v. State,* 222 Ga. 55 (2),

57 (148 SE2d 420). The arrest was not illegal, and the burglary tools, discovered by a lawful search incident to the arrest, were properly admitted in evidence.

■ The second headnote needs no elaboration.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*