## 41593. O'NEAL v. THE STATE.

(325 SE2d 759)

BELL, Justice.

John Sapp O'Neal was convicted of the shotgun murder of Steven Thompson, and was sentenced to life imprisonment. He appeals.[1]

On April 22, 1983 Thompson and O'Neal were arguing over a $30 debt O'Neal claimed Thompson owed him. At the climax of the dispute O'Neal, armed with a sawed-off shotgun, chased Thompson, who was unarmed, into the backyard of a house. O'Neal fired his gun, striking Johnson. Johnson attempted to scale a fence enclosing the yard, but O'Neal reloaded his gun and fired another blast, again striking the victim. O'Neal reloaded his gun again and placed the muzzle against the head of Thompson, who was crawling on the ground, and

---

[1] The murder was committed April 22, 1983. O'Neal was indicted August 12, 1983. The first count charged him with possession of a sawed-off shotgun, OCGA § 16-11-122, and the second count charged him with malice murder, OCGA § 16-5-1 (a). He was tried twice. On April 19, 1984 a mistrial was declared in his first trial because the jury was unable to agree upon a verdict. At the beginning of his second trial, June 18, 1984, O'Neal pled guilty to the charge of possession of a sawed-off shotgun, and was thereafter tried only on the charge of murder. On June 21 a guilty verdict on the murder charge was returned, and the court sentenced O'Neal to life imprisonment for the murder and two years concurrent for possession of the sawed-off shotgun. On July 12 appellant filed a notice of appeal from the murder conviction. The appeal was docketed in this court September 27, 1984. Appellant's counsel filed an *Anders* motion with this court on November 6. On December 14, 1984 the appeal was submitted for our decision without oral arguments.

fired. This third shot was fatal. During the incident O'Neal ignored Thompson's pleas to spare his life.

1. Viewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found the elements of the crime of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the court erred by refusing to grant a continuance. We find no error.

On May 4, 1984 the court granted O'Neal's motion for an order directing the Forensic Services Program of the Georgia Regional Hospital of Savannah to perform a psychiatric examination of O'Neal "at its earliest possible convenience and that said examining team should submit a copy of its report to the court upon its completion." At the beginning of proceedings on the first day of his trial, appellant's counsel informed the court that the appellant had been examined by Regional Hospital personnel, but that their report had not yet been completed. He requested a continuance on the basis that the report was necessary for him to proceed on his client's defense of insanity. The court denied the continuance. We find no error.

A motion for continuance is addressed to the sound discretion of the trial court, OCGA § 17-8-22, and this court will not interfere unless it is clearly shown that the court abused its discretion. Here, the basis for the continuance was that O'Neal's counsel did not have sufficient time to develop his defense that O'Neal was insane at the time of the killing, but O'Neal's counsel only offered his information and belief that the psychiatric examination would yield evidence in support of that defense. This was an insufficient showing of the necessity for a continuance. *Blackston v. State*, 209 Ga. 160 (2) (71 SE2d 221) (1952); *Harris v. State*, 211 Ga. 327 (1) (85 SE2d 770) (1955); *Pulliam v. State*, 236 Ga. 460, 461-62 (224 SE2d 8) (1976).

The enumeration must also fail for the reason that "the party making an application for a continuance must show that he has used due diligence." OCGA § 17-8-20. O'Neal's counsel had over six weeks between the grant of his motion for a psychiatric examination and the beginning of trial, yet during that period he said nothing to the district attorney or the court about needing additional time to prepare his defense; to the contrary, he filed a demand for speedy trial in that period. The record further shows that counsel did not attempt to subpoena the examiners for trial. O'Neal has therefore failed to show he was diligent in obtaining the psychiatric information.

3. In a related argument O'Neal contends that the court erred in excluding the testimony of a psychiatrist which was offered in support of O'Neal's defense of insanity. O'Neal's counsel sought to have the doctor, who had not personally examined the defendant, testify about the general characteristics of the mental malady, "Isolated Explosive

Disorder," which O'Neal claimed to be suffering. The prosecution objected that the evidence would be irrelevant, and the court excluded it. O'Neal contends that had this expert testimony been admitted, the jury could have applied it to the facts of O'Neal's behavior and thereby have inferred the presence of the disorder. We intimate no opinion about whether the alleged malady would satisfy our legal tests of insanity, OCGA §§ 16-3-2, 16-3-3, but, even assuming it would have met one of those tests, we find no error.

" 'The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value,' Agnor's Georgia Evidence, § 10-2, p. 165; quoted in *Sprouse v. State*, 242 Ga. 831, 833 (252 SE2d 173) (1979), and evidence is relevant if it renders the desired inference more probable than it would be without the evidence. *Patterson v. State*, 233 Ga. 724, 725 (213 SE2d 612) (1975)." *Baker v. State*, 246 Ga. 317 (3) (271 SE2d 360) (1980). However, even though our rule favors the admission of relevant evidence, the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion. In this case the defense expert testified that he could not diagnose O'Neal as suffering from Isolated Explosive Disorder without having administered many hours of personal examination. In effect, then, the expert's testimony established that the diagnosis vel non of Isolated Explosive Disorder called for an expert conclusion which jurors would not be able to draw for themselves. See *Smith v. State*, 247 Ga. 612, 616, 619 (277 SE2d 678) (1981); *Ellis v. State*, 168 Ga. App. 757 (3) (309 SE2d 924) (1983). Inasmuch as O'Neal did not introduce an expert diagnostic opinion as to this issue, the admission into evidence of a general description of the elements of Isolated Explosive Disorder would have been useless to the jurors, and in all likelihood would have confused them. We therefore conclude that the defense psychiatrist's testimony was not probative of the proposition for which it was offered, and that the court did not abuse its discretion by refusing to admit it.

4. O'Neal's counsel has filed a request for permission to withdraw from the case pursuant to *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967).[2] Defense counsel has notified O'Neal of his motion to withdraw and has provided him a copy of his brief outlining possible grounds for appeal. We have reviewed the entire record and find no meritorious grounds for an appeal. The requirements

[2] In *Huguley v. State*, 253 Ga. 709 (324 SE2d 729) (1985), we held we would no longer consider *Anders* motions. However, since the instant case was docketed several months before *Huguley*, we will entertain O'Neal's counsel's motion. *Rich v. State*, 254 Ga. 11, fn. 2 (325 SE2d 761) (1985).

4

of *Anders v. California* have therefore been met, and we grant permission to O'Neal's counsel to withdraw from the case. *Parker v. State*, 252 Ga. 124 (312 SE2d 314) (1984).

*Motion granted; appeal dismissed. All the Justices concur.*

DECIDED FEBRUARY 19, 1985.

*Stephen H. Harris*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Charles C. Grile*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *J. Michael Davis*, for appellee.